IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAITANYA A. CHAMPION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-00012-JD |
| ) | |
| OFFICER GREG McCALISTER, ) | |
| WADE GOURLEY, Police Chief, ) | |
| Oklahoma City Police Department, and ) | |
| OKLAHOMA CITY POLICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER</u>**

Before the Court is the Motion to Dismiss ("Motion") filed by Defendant Wade Gourley, in his official capacity as Chief of Police, and Defendant Oklahoma City Police Department ("OCPD"). [Doc. No. 11].[1] Plaintiff Caitanya Champion has not filed a response nor requested additional time in which to do so. Thus, the matter is fully briefed and at issue.[2]

OCPD Police Chief Wade Gourley and the OCPD seek dismissal of Mr. Champion's Amended Complaint [Doc. No. 5], asserting that they are not proper parties to this action. The City of Oklahoma City ("the City") is not a named defendant in this action, but the City waived service of process and Richard Mann, the Assistant Municipal

---

[1] The Court uses ECF page numbering in this Order.

[2] Since Mr. Champion failed to respond within the time limits prescribed by Local Civil Rule 7.1(g), the matters set forth in the Motion are deemed confessed.

Counselor, has entered his appearance on behalf of the City, the OCPD, and Police Chief Gourley. [Doc. Nos. 9, 15]. In this same Motion, the City asserts that Mr. Champion has failed to state a claim against the City under Rule 12(b)(6). For the reasons stated below, and under the applicable law, the Court GRANTS the Motion. Considering this written order, the Court STRIKES the hearing set for September 21, 2023 [Doc. No. 21].

I.   **BACKGROUND**

The Court's previous Order granting OCPD Officer Greg McCalister's Motion to Dismiss [Doc. No. 22] provides a recitation of the factual background of this action and the applicable standard of review and is incorporated herein by reference. Accordingly, this Order will reiterate only what is necessary to address the Motion of OCPD and Chief Gourley.

Mr. Champion brings this 42 U.S.C. § 1983 action against Chief Gourley and the OCPD in their official capacities only. Am. Compl. [Doc. No. 5] at 2–3. Although Mr. Champion did not name the City as a defendant in this action, the City "has waived service of process" and "affirmatively admits it is the proper defendant." *See* Motion [Doc. No. 11] at 4; *see also* Waiver of Service [Doc. No. 9]; Entry of Appearance [Doc. No. 15]. Additionally, the City is represented by counsel and has had the opportunity to respond and has done so with the Motion. *See id.*

II.   **ANALYSIS**

A.   **Mr. Champion's § 1983 Claims Against Chief Gourley**

Mr. Champion has sued Chief Gourley in his official capacity. Am. Compl. [Doc. No. 5] at 2. "A suit against a municipality and a suit against a municipal official acting in

his or her official capacity are the same." *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 695 (10th Cir. 1988) (explaining that a § 1983 claim against a city and the police chief in his official capacity is one claim) (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985) and *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Thus, Mr. Champion's claims against Chief Gourley are claims against the City. Further, it does not matter that the City is not named as a defendant.

In *Brandon v. Holt*, the Supreme Court concluded that a suit against a public servant in his official capacity was a suit against the entity he represents, and that as long as the "public entity received notice and an opportunity to respond," it did not matter that the entity was not named as a defendant. 469 U.S. at 471–72. Here, the City received notice and has responded to Mr. Champion's claims with the Motion. *See* [Doc. Nos. 9, 11, 15]. Accordingly, Mr. Champion's claims against Chief Gourley in his official capacity are dismissed as duplicative of the claims against the City.

**B.      Mr. Champion's § 1983 Claims Against the OCPD**

Mr. Champion sues the OCPD in its official capacity. Police departments, however, "are not legally suable entities." *See Lindsey v. Thomson*, 275 F. App'x 744, 745, 747 (10th Cir. 2007) (unpublished) (affirming the dismissal of police departments in Oklahoma because they are not suable entities and attaching the magistrate judge's dismissal order in the affirmance); *Ketchum v. Albuquerque Police Dep't*, No. 91-2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992) (unpublished) (explaining that municipal police departments "are not suable entities under § 1983, because they lack legal identities apart from the municipality"); *Martinez v. Winner*, 771 F.2d 424, 444

3

(10th Cir. 1985) (explaining that the Denver Police Department "is not a separate suable entity" and dismissing the complaint as to it).

The OCPD is a department of the City, and the City received notice and responded to the allegations in Mr. Champion's Amended Complaint. *See Moss v. Kopp*, 559 F.3d 1155, 1168 n.13 (10th Cir. 2009) (explaining that "as long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Accordingly, Mr. Champion's claims against the OCPD in its official capacity are dismissed with prejudice because any amendment would be futile.

**C.     Mr. Champion's § 1983 Claims Against the City**

The Court adopts and incorporates herein by reference its analysis in its previous Order granting OCPD Officer McCalister's Motion to Dismiss, particularly as it relates to municipal liability. [Doc. No. 22]. Mr. Champion sues Police Chief Gourley, but he does not explain how Chief Gourley was involved in any of the alleged police misconduct that he describes in his Amended Complaint. Thus, Mr. Champion's § 1983 claims against Chief Gourley, therefore the City, fail for the same reasons as his official capacity claims against Officer McCalister.

To establish municipal liability, a plaintiff must show: (1) that an officer committed an underlying constitutional violation; (2) that a municipal policy or custom exists; and (3) that there is a direct causal link between the policy or custom and the injury. *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). Mr. Champion has failed to identify a specific provision of the city code, or the Oklahoma Statutes, that was

the moving force behind any constitutional violation. Nor has he alleged any facts to support a finding of deliberate indifference on the part of the City. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). Mr. Champion also does not identify any specific deficiencies in the City's training program that closely relate to his alleged injuries. *See id.* at 391.

Finally, Mr. Champion has not alleged sufficient facts to show an underlying constitutional violation by Officer McCalister, Chief Gourley, or any of the other unidentified officers involved in the events of May 7, 2021. Mr. Champion alleges that he was stopped for not wearing his seatbelt and did not produce his driver's license when requested to do so by Officer McCalister but instead he "proceeded to drive away." Am. Compl. [Doc. No. 5] at 4–5. Mr. Champion received a municipal citation for a seatbelt violation. *See* Citations [Doc. No. 10-1].[3] Even liberally construed, Mr. Champion has not alleged sufficient facts to show that his constitutional right to travel was violated.

---

[3] Attached as Exhibit 1 to Officer McCalister's Motion to Dismiss is a record of Mr. Champion's convictions in Oklahoma City Municipal Court for a seatbelt violation, illegal tag display, and attempting to elude a police officer. *See* [Doc. No. 10-1]. In ruling on a motion to dismiss, the Court may consider documents that the complaint incorporates by reference, documents referred to in the complaint that are central to the plaintiff's claims and as to which the parties do not dispute authenticity, and matters of which the Court may take judicial notice. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). The Court exercises its discretion to take judicial notice of these publicly filed records at Exhibit 1 for purposes of this Motion. *See* City of Okla. City Mun. Ct. Online R. Search Site, https://www.municipalrecordsearch.com/oklahomacityok/Cases; *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (explaining the court may take judicial notice of publicly filed records from other courts concerning matters that bear directly upon the disposition of the case at hand).

Further, based on the allegations in the Amended Complaint, Officer McCalister had probable cause to believe that Mr. Champion was in violation of the seatbelt laws in Oklahoma. Under current Supreme Court precedent, an officer who has probable cause to believe that an individual has committed a criminal offense in his presence, no matter how minor the offense, may without violating the Fourth Amendment, arrest that person. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

Following Mr. Champion's arrest, the police had to decide what to do with Mr. Champion's inoperable vehicle at the scene. Mr. Champion alleges that his vehicle was "damag[ed]" and his tires were "destroy[ed]" by the OCPD's use of "stop sticks." Am. Compl. [Doc. No. 5] at 5. Mr. Champion's allegations in his Amended Complaint do not support that his arrest was unlawful or that the subsequent impoundment and inventory search of his vehicle was in violation of the Fourth Amendment. As alleged in his Amended Complaint, his vehicle was inoperable and could not lawfully be driven on the roadway given the condition of its tires. No one was immediately present at the scene to secure the vehicle, or have it towed, and Mr. Champion was being arrested and detained. None of the allegations in his Amended Complaint supports a finding that the defendants failed to follow standardized criteria in having the vehicle impounded or that their motives in doing so were pretextual. *See United States v. Sanders*, 796 F.3d 1241, 1249 (10th Cir. 2015).

Additionally, Mr. Champion has failed to allege sufficient facts to support a Second Amendment, Fifth Amendment, or Fourteenth Amendment violation where the

firearms and property were confiscated pursuant to a lawful inventory search. As such, Mr. Champion has not stated a claim for § 1983 municipal liability against the City.

### III. **CONCLUSION**

For these reasons, and additionally based on the detailed analysis provided by the Court in its Order [Doc. No. 22] on Mr. Champion's alleged claims, the Court GRANTS the Motion to Dismiss [Doc. No. 11] filed by Defendants Wade Gourley, in his official capacity as Chief of Police, and the Oklahoma City Police Department, and DISMISSES WITH PREJUDICE Mr. Champion's § 1983 claims against the Oklahoma City Police Department and DISMISSES WITHOUT PREJUDICE Mr. Champion's § 1983 claims against the City or Chief Gourley, in his official capacity.[4]

IT IS SO ORDERED this 14th day of September 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[4] Section 1983 claims brought against municipal employees in their official capacities are claims against the municipality itself. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). As a result, any amendment that includes both official capacity claims against the individual defendants and the same claims against the City of Oklahoma City is, to that extent, futile. Should Mr. Champion seek leave to file a second amended complaint, assuming he can do so in accordance with Federal Rule of Civil Procedure 11, he may not also include the same official capacity claims against the individual defendants because those claims would be redundant. The Court is not convinced that the alleged claims in this case can be resolved through amendment. But given there is a possibility—even if it seems to the Court slight—that amendment could cure the defects and given the stage of the proceedings in this case, Mr. Champion may file a motion for leave to amend his complaint within 14 days of the entry of this Order, or by September 28, 2023, complying with the required rules. *See* Fed. R. Civ. P. 15(a)(2); LCvR15.1. In the absence of a timely and proper motion for leave to amend, the Court will enter the judgment on September 29, 2023.